JACQUELINE P. COX
## UNITED STATES BANKRUPTCY COURT
NORTHERN **DISTRICT OF** ILLINOIS
CHICAGO **DIVISION**

In re:                                 §
                                       §
GILLMAN, LLOYD JEFFREY                 §       Case No. 13-44301
                                       §
            Debtor(s)                  §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 11/14/2013 . The undersigned trustee was appointed on 11/14/2013 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 10,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 0.00 |
| Bank service fees | | 39.20 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 9,960.80 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 07/06/2015 and the deadline for filing governmental claims was 07/06/2015. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,750.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,750.00 , for a total compensation of $ 1,750.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/19/2015          By: /s/PHILIP V. MARTINO
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**Form 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 13-44301 | JPC | Judge: JACQUELINE P. COX | Trustee Name: | PHILIP V. MARTINO |
|---|---|---|---|---|---|
| Case Name: | GILLMAN, LLOYD JEFFREY | | | Date Filed (f) or Converted (c): | 11/14/13 (f) |
| | | | | 341(a) Meeting Date: | 01/08/14 |
| For Period Ending: | 08/19/15 | | | Claims Bar Date: | 07/06/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. CASH ON HAND | 300.00 | 0.00 | | 0.00 | FA |
| 2. BAYVIEW BANK & TRUST XX1387 | 20.00 | 0.00 | | 0.00 | FA |
| 3. JPMORGAN CHASE BANK NA XX2328 | 0.02 | 0.00 | | 0.00 | FA |
| 4. JPMORGAN CHASE BANK NA XX9684 SHOWS NEGATIVE BALAN | 0.05 | 0.00 | | 0.00 | FA |
| 5. US TREASURE BOND ACCOUNT | 250.00 | 0.00 | | 0.00 | FA |
| 6. NY JETS SEASON TICKETS LICENSE | Unknown | 0.00 | | 0.00 | FA |
| 7. LOCATION: 505 N LAKE SHORE DRIVE #3904, CHICAGO IL | 500.00 | 0.00 | | 0.00 | FA |
| 8. FSG VENTURES LLC (1%) | Unknown | 0.00 | | 0.00 | FA |
| 9. MYRAID GROUP LLC (16.5%) | 0.00 | 0.00 | | 10,000.00 | FA |
| 10. YAYA TOO LLC (50%) DEFUNCT WINDOW REPLACEMENT COMP | Unknown | 0.00 | | 0.00 | FA |
| 11. SOLD TO SON IN MARCH 2012, TITLE HAS NOT YET BEEN | 0.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $1,070.07 | $0.00 | | $10,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 12/31/15    Current Projected Date of Final Report (TFR): 12/31/15

         /s/    PHILIP V. MARTINO
_____ Date: 08/19/15
         PHILIP V. MARTINO

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 13-44301 -JPC | | Trustee Name: | PHILIP V. MARTINO |
|---|---|---|---|---|
| Case Name: | GILLMAN, LLOYD JEFFREY | | Bank Name: | ASSOCIATED BANK |
| | | | Account Number / CD #: | *******9986 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******0375 | | | |
| For Period Ending: | 08/19/15 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C 04/27/15 | 9 | Ted Nicholas Nicholas Nicholas | Purchase of Myraid Group LLC The bank did not have the account open when I took the check to be deposited on 4/27. Time lag in computer. Will deposit the check 4/28. | 1129-000 | 10,000.00 | | 10,000.00 |
| C 05/07/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 10.00 | 9,990.00 |
| C 06/05/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 14.85 | 9,975.15 |
| C 07/07/15 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 14.35 | 9,960.80 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 10,000.00 | 39.20 | 9,960.80 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 10,000.00 | 39.20 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 10,000.00 | 39.20 | |

\* **Reversed**
t **Funds Transfer**
C **Bank Cleared**

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - *******9986) | 10,000.00 | 39.20 | 9,960.80 |
| | ---------------- | ---------------- | ---------------- |
| | 10,000.00 | 39.20 | 9,960.80 |
| | ========== | ========== | ========== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 10,000.00 39.20

LFORM24 UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Ver: 18.05

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: August 19, 2015 |

Case Number: 13-44301   Claim Class Sequence
Debtor Name: GILLMAN, LLOYD JEFFREY

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | Quarles & Brady LLP | Administrative | | $7,146.00 | $0.00 | $7,146.00 |
| 001<br>2100-00 | Philip V. Martino, Trustee | Administrative | | $1,750.00 | $0.00 | $1,750.00 |
| 000001<br>070<br>7100-00 | Florencio & Demetria Serain<br>c/o Randall Wolff & Assoc. Ltd.<br>3325 N Arlington Heights Rd. #500<br>Arlington Heights, IL 60004 | Unsecured | | $20,234.65 | $0.00 | $20,234.65 |
| 000002<br>070<br>7100-00 | Myraid Group, LLC<br>c/o Cohen & Krol<br>105 W. Madison<br>Chicago, IL 60603 | Unsecured | | $40,000.00 | $0.00 | $40,000.00 |
| 000003<br>070<br>7100-00 | Estate of Republic Windows & Doors, LLC<br>c/o Phillip D. Levey, Trustee<br>2722 North Racine Avenue<br>Chicago, IL 60614 | Unsecured | | $699,366.46 | $0.00 | $699,366.46 |
| | Case Totals: | | | $768,497.11 | $0.00 | $768,497.11 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-44301
Case Name: GILLMAN, LLOYD JEFFREY
Trustee Name: PHILIP V. MARTINO

Balance on hand $ 9,960.80

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: PHILIP V. MARTINO | $ 1,750.00 | $ 0.00 | $ 1,750.00 |
| Attorney for Trustee Fees: Quarles & Brady LLP | $ 6,970.00 | $ 0.00 | $ 6,970.00 |
| Attorney for Trustee Expenses: Quarles & Brady LLP | $ 176.00 | $ 0.00 | $ 176.00 |

Total to be paid for chapter 7 administrative expenses $ 8,896.00

Remaining Balance $ 1,064.80

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 759,601.11 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.1 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Florencio & Demetria Serain | $ 20,234.65 | $ 0.00 | $ 28.36 |
| 000002 | Myraid Group, LLC | $ 40,000.00 | $ 0.00 | $ 56.07 |
| 000003 | Estate of Republic Windows & Doors, LLC | $ 699,366.46 | $ 0.00 | $ 980.37 |

Total to be paid to timely general unsecured creditors     $ 1,064.80

Remaining Balance     $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

     Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

     Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE